ELIZA COLLIER ET AL. *v.* T. I. C. PATRICK.

Husband and Wife—Coverture—Conveyance of Wife's Land Must be Executed in Compliance With the Statute—Acquiescence in Act of Husband—Estoppel—Fraud—Equity.

The appellants were both feme covert when the sale of their land took place. Neither their execution of the power of attorney, nor their mere acquiescence in the acts of their husbands can have the effect of estopping them from asserting title as against their husband's vendees. Feme coverts can only divest themselves of their title to real estate in the mode prescribed by law, and to make informal or imperfect conveyances operate against them as estoppels would break down all the safe guards by which the law surrounds them. Held, that whilst married

women cannot be allowed to take advantage of their coverture to commit frauds, they can even in a court of equity, avoid a conveyance not made and executed in substantial compliance with the statute.

**Vendor and Purchaser—Defective Conveyance—Acquiescence—Adverse Possession—Limitation.**

When land is sold under a defective power of attorney, and the vendor acquiesces in the transaction for more than fifteen years, during all of which time the vendee has had the actual possession, the Statute of Limitation presents a complete bar.

APPEAL FROM M'LEAN CIRCUIT COURT.

April 24, 1871.

OPINION OF THE COURT BY JUDGE LINDSEY:

So far as the appellants, Eliza Collier and Ellen Jones, are concerned, their title to their respective interests in the tract of land of which their father died seized, could not have passed to Kerrick by the deed under which he claims. Whatever authority Baker may have had to act for them in the sale and conveyance of their inheritance, it is clear he did not exercise it in making this deed. He did not pretend to convey either for them or their co-appellants, Lofton and David Jones, Jr.

It does not appear that either of these four appellants were parties to the actions in the Daviess circuit court of Fleming and others v. Jones and David Jones, Sr., nor that they or either of them received any portion of the proceeds of the land distributed under the judgment of that court in said actions. Hence, so far as they are concerned, the proceedings in those cases can not be regarded as a ratification by them of the sale of the land previously make by Baker to Jos. D. Collier. It seems, however, that James and David Jones, Sr., had executed the power of attorney to Baker and that their interests in the proceeds of the lands were appropriated to the payment of their debts, that they acquiesced in these transactions for from fifteen to seventeen years, during all of which time Kerrick and his vendor, Collier, have had actual possession of the land claiming it as against them. Under such circumstances we are of opinion that the statute of limitation bars their right to prosecute this action, and that so far as they are concerned the petition was properly dismissed. As to Lofton and David Jones,

Jr., the record does not develope when they became of age, nor when the statute commencd running against them, nor whether or not their father, Phillip, was alive at the time Baker sold the land to Collier. It is certain, however, that the legal title to their father's interest still remains in them, and that they are authorized to recover unless they are barred by limitation. If, however, their ancestor assented to the sale to Collier, and he or his personal representative received his share of the proceeds of the sale, they should be required to refund the same with legal interest against which and improvements rents may be set-off before Kerrick is compelled to surrender the possession of the land to them, and to secure the judgment of such amount he holds a lien upon their portion of the land.

Mrs. Ellen Jones and Eliza Collier were both feme covert when all these transactions took place. Neither their execution of the power of attorney to Baker, nor their mere acquiescence in the acts of their husbands can have the effect of estopping them from asserting title as against their husband's vendee. Femes covert can only divest themselves of their title to real estate in the mode pre-scribed by law, and to make informal or imperfect conveyances operate against them as estoppels would break down all the safe-guards by which the law intends to surround them.

The case of Connelly v. Brantsler is essentially different from that under consideration. It does not appear that either Mrs. Collier or Eliza Jones were present, or in any manner directly or indirectly encouraged or solicited either Collier or Kerrick to buy. Their power of attorney to Baker does not appear either to have been acknowledged or recorded, and whilst married women can not be allowed to take advantage of their coverture to commit fraud, it has always been held that they could, even in a court of equity, avoid a conveyance not made and executed in substantial compliance with the statute.

Nor were those two appellants bound to sue within three years after becoming discovert. The deed of Baker passed the estate of their respective husbands in the land, which was a life estate, consequently Kerrick's holding was friendly to their title until the death of their said husbands, even if it became adverse thereafter.

For these reasons the judgment dismissing the petition as to Eliza Collier, Ellen Jones and Lofton and David Jones, Jr., is reversed, and the cause remanded for further proceedings con-

sistent with this opinion. The parties should be allowed reason-
able time within which to make such further preparation as may
be necessary to enable the court to do complete justice to all the
parties litigant.

*Owen, Eaves, Boyd,* for appellant.
*Sweeney & Stuart,* for appellee.